**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARY GRAHAM,
INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED**                              **PLAINTIFFS**

**v.**                          **Case No. 4:12-cv-460-KGB**

**CENTRAL DEFENSE SECURITY**                              **DEFENDANT**

<u>**ORDER OF DISMISSAL**</u>

Before the Court is a Joint Motion to Approve Settlement Agreement and to Dismiss the Case with Prejudice (Dkt. No. 9). The parties reached a settlement agreement in this case and hereby request that this Court approve the wage and hour settlement that was reached.

Plaintiff Mary Graham filed this matter on behalf of herself and all others similarly situated, asserting among other claims a claim under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (Dkt. No. 1). Ms. Graham was joined in this action by one other plaintiff, Larry Dixon. Ms. Graham and Mr. Dixon inform the Court they wish to settle their claims.

The parties submitted the Settlement Agreement and Full Release to the Court *in camera*, and the Court has reviewed the terms of the parties' agreement. The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps. "First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise

only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

This Court's *in camera* review of the confidential settlement would have been aided by additional information from the parties in the settlement agreement regarding the calculation of and arrival at the settlement figures.  Based on information in the pleadings filed and language in the agreement, however, the Court determines that Ms. Graham's and Mr. Dixon's recovery is a reasonable approximation of amounts owed under the FLSA.  For these reasons, the Court approves the Settlement Agreement and Full Release of Ms. Graham's and Mr. Dixon's FLSA claims.

IT IS THEREFORE ORDERED that the complaint and all claims in this action against defendants are hereby dismissed with prejudice.

The Court retains complete jurisdiction for 30 days to vacate this order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

SO ORDERED this 11th day of December, 2012.

Kristine G. Baker
United States District Judge